UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kulvinder Singh, )<br>      Plaintiff )<br> )<br>V. )<br> )<br>Del Vaudo's Restaurant & Lounge, Inc. )<br>and James R. Naugler, )<br>      Defendants )<br> ) | Civil Action No.: _____ |

## COMPLAINT

**NOW COMES** the plaintiff, KULVINDER SINGH, by and through his attorneys, Hamblett & Kerrigan, PA, and complains against the defendant as follows:

### I.   PARTIES

1.   The plaintiff, Kulvinder Singh, is a New Hampshire resident with an address of 163 Westwood Drive, Nashua, New Hampshire 03062.

2.   The defendant, Del Vaudo's Restaurant & Lounge, Inc., is a New Hampshire corporation with a principal place of business located at 112 West Pearl Street, Nashua, New Hampshire 03060.

3.   The defendant, James R. Naugler, is a New Hampshire resident with an address of 50 Bear Path Lane, Hudson, New Hampshire 03051.

## II.     JURISDICTION AND VENUE

4.     This court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Supp. 2005).

5.     This court may exercise personal jurisdiction over all parties as they are residents of, or maintain their principle place of business in New Hampshire.

6.     Venue lies in the Federal Court for the District of New Hampshire because all parties reside, or maintain their principal place of business in that judicial district.

## III.     FACTUAL ALLEGATIONS

7.     The plaintiff was hired by the defendant in February of 2005.

8.     The plaintiff was employed as a restaurant chef.

9.     Pursuant to a written contract, the plaintiff was to work 60 hours a week, and was paid an annual salary of $60,000.

10.    At the time the defendant was hired, the restaurant's president was James Naugler.

11.    Mr. Naugler remains the president of the restaurant today.

12.    At all times relevant to this action, Mr. Naugler owned a majority of the restaurant's stock.

13.    At all times relevant to this action, Mr. Naugler had the authority to hire and fire restaurant employees, including the plaintiff.

14.    At all times relevant to this action, Mr. Naugler had the authority to supervise restaurant employees, including the plaintiff.

15. At all times relevant to this action, Mr. Naugler was responsible for setting employee salaries, including the plaintiff's salary.

16. At all times relevant to this action, Mr. Naugler was responsible for issuing employee compensation, including the plaintiff's compensation.

17. At the time he was hired, the restaurant had not opened for business. It was to open latter that year, in May of 2005.

18. The plaintiff did not have any managerial responsibilities while employed at this restaurant.

19. The plaintiff did not have the authority to hire or fire any restaurant employee.

20. The plaintiff did not have any supervisory authority over the waiters.

21. The plaintiff was asked to use house recipes when he prepared some of the food.

22. Much of the plaintiff's time was spent in basic food preparation, and preparing simple, well known, menu items.

23. The plaintiff, during his employment, frequently worked over seventy two (72) hours a week.

24. The plaintiff quit in December of 2005.

25. During the time of operation and his employment, the restaurant was earning approximately $60,000/month in gross sales.

26. The defendants have failed to compensate the plaintiff for any overtime.

## IV.     CAUSES OF ACTION

A.     <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

27.    The plaintiff repeats and incorporates the allegations set forth in paragraphs 1-26.

28.    The plaintiff is an employee under the Fair Labor Standards Act.

29.    The defendant, restaurant, is an enterprise engaged in the production of goods for commerce because its "gross annual volume of sales made or business done is not less than $500,000."

30.    Mr. Naugler is likewise an "employer" under the statute.

31.    The defendants were obligated to pay their employees time and a half wages if the employee works beyond 40 hours a week.

32.    The defendants violated the Fair Labor Standards Act because they amongst other things, failed to compensate the plaintiff for overtime work performed between February 28, 2005 and December of 2005.

33.    The plaintiff is therefore entitled to damages including, but not limited to lost wages, interest, attorneys fees and costs, as allowed by 29 U.S.C.§ 216(b).

## V.     DEMAND FOR JURY TRIAL

34.    The plaintiff requests a jury trial as allowed by law.

- 5 -

                          Respectfully submitted,
                          **KULVINDER SINGH**
                          By His Attorneys,
                          **HAMBLETT & KERRIGAN, P.A.**

DATED: MAY 17, 2006          By:   /s/ ANDREW J. PIELA
                                                **ANDREW J. PIELA, ESQUIRE**
                                                NH BAR NO.: 10518
                                                **J. DANIEL MARR, ESQUIRE**
                                                NH BAR NO.: 4091
                                                146 Main Street
                                                Nashua, NH 03060
                                                (603) 883-5501